**In re IVAN F. BOESKY SECURITIES LITIGATION (Order No. 31).**

**This Document Relates to the Class Action Suits Only.**

**MDL Dkt. No. 732.
No. M–21–45–MP.**

United States District Court,
S.D. New York.

July 1, 1988.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

■ The defendant Northview Corporation has asserted an objection to the inclusion in the certification of Class IV of those persons who bought Northview stock in the period from March 29, 1985 through November 14, 1986, and who sold their stock prior to the latter date.

Boesky's fraud was exposed, according to the complaint, on November 14, 1986. That disclosure resulted in plummeting of the price of the stock on the market. According to Northview's counsel, the inflation of the market price of Northview's shares during the period of concealment of the fraud was not known to the market and could not have been known to the market.

The plaintiffs desire to include in the certification of Class IV those persons who bought Northview stock in the period and also sold Northview stock prior to the announcement of Boesky's fraud in November 1986. Northview seeks to have the Court somewhat narrow the Class to exclude those persons and to permit the Class to consist only of those persons who bought from March 29, 1985 through November 14, 1986, and also held on to the stock thereafter. It is contended that those who sold their stock before Boesky's disclosure have no legally cognizable damages and do not have any claims to be asserted because they allegedly would fail to show loss causation. The argument is that, although they may have transaction causation, loss causation is necessary to state a claim.

The complaint (Third Consolidated Amended Complaint) alleges the following (emphasis supplied):

275N. ... The Class IV Defendants manipulated and artificially *inflated the market price* of Northview's common stock *during the Class IV Period. During each day* of the Class IV Period, the Class IV Defendants' fraud caused the artificial inflation of Northview common stock.

275O. At the time they purchased their Northview securities, Plaintiff Grobow and the other members of Class IV did not know and had no reason to believe that the public statements Boesky and Northview were disseminating during the Class IV Period were false and misleading and contained material omissions....

275P. ... *At the time of the purchases* by Grobow and each other member of Class IV, *the true market value* of Northview's common stock *was substantially less than* the artificial inflated prices *they paid.*

275Q. ... Class IV members who sold Northview stock *during the class period* also suffered actual damages because *Northview's market price, fluctuated* as a result of the operation of market forces on the Class IV Defendants' nondisclosures and misrepresentations....

398. By virtue of the foregoing, Class IV Defendants have violated Section 10(b) of the 1934 Act and Rule 10b–5. *These violations caused the market price* of Northview common stock *to be inflated* throughout the Class IV Period, *and caused* plaintiff Grobow and other *members of Class IV to sustain damages when they purchased* Northview

common stock at the artificially inflated prices throughout the Class IV period....

407. The Class IV Defendants' misrepresentations and omissions, as set forth above, damaged plaintiff Grobow and other members of Class IV *by causing them to purchase Northview's common stock at artificially inflated prices....*

411. At the time the misrepresentations and omissions were made, plaintiff Grobow and other members of Class IV were ignorant of their falsity and believed them to be true. Plaintiff Grobow and other *members of Class IV justifiably relied upon the integrity of the market.* In ignorance of the truth, plaintiff Grobow and members of Class IV were induced to and did purchase Northview's common shares.

412. By reason of the foregoing, plaintiff Grobow and the members of Class IV have suffered *injury from* their *purchases* of Northview's shares *at artificially inflated prices* due to the perpetration of the fraud....

Accordingly, the issue posed by Northview is whether an in-and-out trader in the Class IV period sustained economic loss for which the fraudulent activities complained of were actually responsible. There is no doubt that the plaintiffs have alleged facts, under notice pleading requirements, showing that the economic harm suffered by the in-and-out trader in the Class, occurred as a result of the challenged activities of Boesky, whether the stock was sold before or after the disclosure. The out-of-pocket rule fixes recoverable damages as the difference between the purchase price and the value of the stock at the date of purchase. *Wool v. Tandem Computers Inc.,* 818 F.2d 1433, 1437 (9th Cir.1987); *Donovan v. Bierwirth,* 754 F.2d 1049, 1054–55 (2d Cir. 1985).

In this case, the question of whether loss causation occurred will be decided on the facts as they appear concerning the impact on the market of the fraudulent activities, the time limits of the fraudulent operations, and possibly the reasons for sale of stock earlier than the date of disclosure of the fraud.

The allegation of price distortion created by the fraud predictably caused the loss sustained, whether before or after disclosure of the fraud. Under the allegations of the complaint as it now stands, an advance determination that a claim of an in-and-out trader is predictably not a winning claim would be erroneous.

A Court called upon to certify a Class may identify the character or type (but not the merits) of each plaintiff's claim in a Class suit. A Judge in considering certification of a Class must look somewhere between the pleading and the fruits of discovery. *Professional Adjusting Systems of America, Inc. v. General Adjustment Bureau, Inc.,* 64 F.R.D. 35, 38 (S.D. N.Y.1974). Whether a disputed claim by members of a part of a proposed Class entitles relief is not a question to be summarily decided in defining the scope or time limits of the Class. *In re LTV Securities Litigation,* 88 F.R.D. 134, 147–48 (N.D. Tex.1980).

Accordingly, the Court will certify Class IV, including therein those members thereof who were in-and-out traders during the Class Period. The complaint, as amended, fully satisfies the requirements for an allegation of loss causation. *See Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985).

So Ordered.